<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILTON REASSURANCE LIFE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERYL ENGELHARDT, LYDIA ENGELHARDT, and MARK ENGELHARDT,<br><br>    Defendants. | No. 21cv9968 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff's predecessor-in-interest issued life insurance policy No. LN00462680 (the "Policy") on April 5, 1988 to Ralph Engelhardt (the "Decedent"). D.E. 1 ¶ 7 ("Compl."). The Policy provided a death benefit of $100,000. *Id.* ¶ 8. The Decedent died on December 11, 2019. *Id.* ¶ 9. At the time of the Decedent's death, Cheryl Engelhardt, the Decedent's ex-wife, was the named beneficiary, and Mark Engelhardt, the Decedent's brother, was the contingent beneficiary. *Id.* Both Cheryl and Mark Engelhardt submitted a Claimant's Statement to Plaintiff claiming to be the "Named Beneficiary" of the Policy. *Id.* ¶¶ 10, 12. Cheryl Engelhardt also submitted a Property Settlement and Support Agreement, entered into by Cheryl Engelhardt and the Decedent, providing that the Policy would be maintained for the benefit of Lydia Engelhardt, the Decedent's daughter, until she was emancipated. *Id.* ¶ 11; *see also* Compl., Ex. C ("PSA"). Section 13.1 of the PSA provides:

> Each party shall maintain a life insurance policy with a minimum face amount of $100,000.00 for the benefit of their daughter, Lydia, and shall designate the other as Trustee of said policy, until Lydia is emancipated. The parties shall each furnish a copy of his/her life insurance policy to the other by June 30, 2016 and proof that such

> policy remains in effect by June 30th of each year thereafter. Neither party shall cancel or make any modifications to his/her policy without the written consent of the other party or a Court Order until Lydia is emancipated.

Under basic contract principles, this Court must interpret the terms of the PSA "to give the 'words of an agreement . . . their ordinary meaning' so that when 'the parties' intent is plain and the language is clear and unambiguous, [we] must enforce the agreement as written, unless doing so would lead to an absurd result.'" *Guardian Life Ins. Co. of Am. v. Gonnella*, 806 F. App'x 79, 81 (3d Cir. 2020) (quoting *Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501 (2019)).  The plain terms of the PSA mandate that the parties shall maintain a life insurance policy for Lydia Engelhardt's benefit until her emancipation.  PSA § 13.1.  Therefore, upon Lydia Engelhardt's emancipation, the proceeds of the Policy would transfer from the named beneficiary—Cheryl Engelhardt—to her daughter.

Counsel for Cheryl and Lydia Engelhardt represents that due to the passage of time in this case, Lydia Engelhardt is now emancipated.  D.E. 41 at 2.  Lydia Engelhardt further certifies that she is out of college, thereby meeting a condition triggering emancipation under the PSA.  D.E. 41-3 ¶ 4; PSA § 8.1.  The Court accordingly ordered Defendant Mark Engelhardt to show cause why this Court should not dismiss the case as moot.  D.E. 42.  Having failed to do so,

IT IS on this **7th** day of March 2025,

**ORDERED** that the proceeds of the Policy held by the Clerk of Court shall be payable in full, together with any interest accrued thereon, to the attorney trust account of The Law Offices of Joseph M. Rasa, L.L.C. in care of the Defendant, Lydia Engelhardt; and it is further

**ORDERED** that the Clerk of Court is directed to make the proceeds check payable to the attorney trust account of The Law Offices of Joseph M. Rasa, L.L.C., located at 565 Newark Pompton Turnpike, Pompton Plains, New Jersey 07444; and it is further

**ORDERED** that the motion for default judgment, D.E. 37, is **DENIED** as **MOOT**; and it is further

**ORDERED** that this case is **DISMISSED** as **MOOT**; and it is finally

**ORDERED** that the Clerk of Court shall mark this case **CLOSED.**

_____
Evelyn Padin, U.S.D.J